Kenneth S. Roosa, Esq.
Cooke Roosa, LLC
3700 Jewel Lake Road
Anchorage, Alaska 99502
Phone: 907-276-2744
Facsimile: 907-278-0877
Attorneys for Plaintiff

Email Ken@cookeroosa.com

RECEIVED
FEB 01 2007
CLERK, U.S. DISTRICT COURT
ANCHORAGE, A.K.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SUZANNE HECKMAN, ART HECKMAN and RUTH HECKMAN,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. A07-_____ CV ( )<br><br>**COMPLAINT** |

Plaintiffs Suzanne Heckman, Art Heckman, and Ruth Heckman, by and through their counsel of record, Cooke, Roosa, LLC, hereby claim and allege as follows:

1. Plaintiffs are residents of the State of Alaska.

2. The acts or omissions upon which this cause is based occurred in Anchorage, Alaska.

3. This suit is brought pursuant to the Federal Tort Claims Act, 28 U.S.C.

§2674, and this court has exclusive jurisdiction over this action pursuant to 28 U.S.C. §1346(b).

4. Notice of this claim as required by 28 U.S.C. §2675 was received by the U.S. Department of Health and Human Services on November 10, 2005.

5. Defendant has not rendered a final decision on the claim, and more than 6 months have elapsed since the claim was received. Accordingly, plaintiff may now, at her election, proceed with this claim in federal court.

6. The Alaska Native Health Center (ANMC) is operated by the Alaska Native Tribal Health Consortium (hereafter ANTHC) in Anchorage, Alaska. ANTHC is a compacting entity of the Indian Health Service (IHS). Health care providers at ANMC are employees of the United States for purposes of liability under the FTCA if they are employees of ANTHC, acting within the scope of their employment and are carrying out the compact with the IHS at the time of the act which gives rise to the complaint.

7. At all times pertinent to this complaint, the employees of ANMC who are alleged to have acted in a negligent manner were acting within the scope of their employment and were also carrying out ANTHC's compact with the IHS.

8. Art and Ruth Heckman are the adult parents of Suzanne Heckman. Suzanne Heckman, now an adult, was born on March 27, 1987. At the time of the injuries alleged herein, she was 17 years of age.

9. On or about November 25, 2003, Suzanne Heckman was seriously injured in

a Honda 4-wheeler accident in her home village of Pilot Station, Alaska. She was immediately transported via emergency medical evacuation to Anchorage, Alaska, where she was provided medical treatment at the ANMC. Among the serious injuries received by Suzanne were fractures to her face, especially in the area of her right eye. Her skull was partially crushed, and the right orbital globe was displaced rearward into her skull.

10. On December 1, 2003 physicians employed by ANMC operated on Suzanne Heckman in an effort to repair her fractures. The operating physicians noticed the rearward displacement of Suzanne Heckman's right orbital globe, and requested a consult with unknown physicians also employed by the ophthalmology department at ANMC. The unknown physicians did not scrub into the operation. They did observe the operative field, but were unable to make any specific recommendations regarding management of the displaced orbital globe. Accordingly, in reliance on their recommendations, the operating physicians did not relocate the orbital globe into its normal position.

11. Upon her recovery from the operation, it was immediately noticed that Suzanne Heckman's right eye was substantially sunken into her skull. When asked by Art Heckman what could be done about the deformity, ANMC providers told him she would be seen by an unnamed surgeon who "was in Iraq getting experience in these kinds of cases" and that she would be given an appointment with the unnamed absent physician when that person returned to ANMC.

12. Approximately 10 months later, with no assistance from or referral by staff at ANMC, Suzanne Heckman obtained a consultation with Dr. Carl Rosen, an ophthalmologist in Anchorage who has specialized training and experience in eye injuries. Dr. Rosen with other surgical assistance more fully repaired the orbital socket and attempted to move the globe forward into its correct position. They were unsuccessful in obtaining substantial forward movement of the ocular globe, however, due to significant scar tissue that had formed in the months between the first and second operations.

13. The most significant consequence of the delay in repositioning Suzanne Heckman's ocular globe is that she now suffers from severe enophthalmos of her right eye, a condition characterized by a disfiguring sunken eyeball. This could and should have been repaired properly during the December 1, 2003 operation, or shortly thereafter. Because of the time lapse and the formation of scar tissue, her sunken eye condition is now permanent and can never be corrected.

## COUNT I

15. Plaintiff incorporates by reference the preceding paragraphs of this Complaint, and further alleges that health care providers employed at the ANMC, including ophthalmic physicians and other medical staff members were negligent in providing medical care to Suzanne Heckman. These negligent acts include failing to recommend forward rotation of the displaced ocular globe, failure to admit that they were incompetent

to adequately treat the severe injuries Suzanne Heckman had sustained, failure to provide adequate treatment and care, and failure to timely refer her to an appropriate specialist after the poor results of the initial operation became obvious.

16. Health care providers at the ANMC either (1) lacked the degree of knowledge or skill ordinarily exercised under the circumstances, at the times of the acts complained of, by health care providers in the field or specialty in which they were practicing, or (2) they failed to exercise the required degree of care, knowledge, or skill. As a proximate result of this lack of knowledge or skill or the failure to exercise the required degree of care, the plaintiff now suffers from injuries that she would not otherwise have incurred.

17. As a direct and proximate result of the negligence of the defendant described above, the Plaintiff, Suzanne Heckman, has suffered past and future economic and non-economic damages, including but not limited to personal injury; great physical and mental pain, shock, agony and emotional suffering; mental anguish and emotional distress; medical costs and related transportation, lodging and other expenses; loss of wages, loss of economic opportunities; loss of subsistence opportunities; all to her damage in excess of $100,000.00, the exact amount to be determined at trial.

## COUNT II

### DAMAGES TO ART AND RUTH HECKMAN

18. Plaintiffs Art and Ruth Heckman re-allege and incorporate herein as though they were set out in full, all allegations of the preceding paragraphs of the complaint and

further allege that as a direct and proximate result of the negligence of the defendant described above, the plaintiffs suffered negligent infliction of emotional distress and loss of love, support and consortium, injury, damage and loss including, but not limited to the following: past and future economic and non-economic damages, mental anguish and emotional distress; past and future medical costs and related transportation, lodging and other expenses; loss of wages, loss of economic opportunities; loss of subsistence opportunities; loss of support, and loss of personal services, care, affection and consortium all to their damage in excess of $100,000.00, the exact amount to be determined at trial.

## DAMAGES

WHEREFORE, the plaintiffs, and each of them, pray for relief as follows:

A. An amount in excess of One-hundred Thousand Dollars ($100,000.00), the exact amount to determined at trial;

B. For costs and such other and further relief as this court deems just and equitable.

DATED at Anchorage, Alaska this 31st day of January 2007.

COOKE, ROOSA, LLC
Attorneys for Plaintiffs

By: _____
Kenneth S. Roosa

**CERTIFICATE OF SERVICE**

I, Erin Gonzalez-Powell certify that I am employed as a legal secretary at the law offices of Cooke Roosa LLC, and that on the ___ day of February, 2007, I caused a true and correct copy of the foregoing document to be served via regular U.S. Mail, postage prepaid, on:

Attorney General Alberto R. Gonzales
Office of the U.S. Attorney General
U.S. Department of Justice
Main Justice Building
10th & Constitution Avenue NW
Washington, D.C. 20530

Nelson Cohen, U.S. Attorney
Office of the U.S. Attorney, District of Alaska
U.S. Department of Justice
222 West 7th Avenue, #9, Room 253
Anchorage, AK 99513-7567

Erin Gonzalez-Powell